Carlsen et al. v. Ziehme—Opinion of Court.

LUDWIG CARLSEN AND JOHN T. LIND, LATE PARTNERS AS
CARLSEN & LIND, PLAINTIFFS IN ERROR, v. ALBERT E.
ZIEHME, DOING BUSINESS AS A. E. ZIEHME & CO., DE-
FENDANT IN ERROR.

1. A purchaser of an assortment of cheap jewelry under a
contract permitting a return for exchange but not for
credit, should act with reasonable promptness after pos-
session passes to discover patent defects, and a plea
to an action for the contract price showing that several
months had elapsed before an alleged discovery that the
goods were not as represented and offering no excuse
for the delay will be subject to demurrer, there being
no warranty that the goods would supply a specific want,
nor real question of latent defects.

2. Pleas on equitable grounds to a common law action setting
up only legal defense are properly stricken.

This case was decided by Division A.

Writ of Error to the Circuit Court for Escambia
County.

The facts in the case are stated in the opinion of the
Court.

*J. J. Sullivan,* for Plaintiffs in Error;

*S. Pasco, Jr.,* for Defendant in Error.

COCKRELL, J.: A. E. Ziehme & Company brought an ac-
tion against Carlsen & Lind in the circuit court for Es-
cambia county; demurrers to pleas were sustained and

the defendant declining to plead over, judgment final was entered for the plaintiff assessing his damages at $144 with costs.

The declaration contains two counts: The first declares for goods sold and delivered under a certain contract, hereafter referred to and the second count upon certain promissory notes given in pursuance of that contract.

The contract which was signed by A. E. Ziehme & Co., and also by Carlsen & Lind who state therein that they have read the contract and find it satisfactory and order the goods shipped on the terms therein contained. The contract contains a list of the goods ordered with the agreed prices which constitute numerous articles of jewelry, such as buttons, pins, charms, chains, brooches, bracelets, rings and the like, which are described as being "rolled gold plate," romaned stone set, seamless gold filled, jeweled or gold filled, and six solid gold rings, the whole amounting to $160. The terms of the sale being, as accepted by the parties here, four payments of forty dollars each at two, four, six and eight months, respectively. There are these further provisions in the contract: "Our warranty. Any jewelry in this assortment not giving reasonable satisfaction may be returned and we will repair or forward new duplicate articles in its place, provided same is returned within five years from the date of purchase, but cannot be returned for credit.

Our Exchange Plan: Any jewelry in this assortment not selling readily may be exchanged for new styles and patterns of any jewelry in our stock; provided same is returned to us for exchange within one year from date of purchase, but cannot be returned for credit.  *  *  *

Orders for this assortment are not subject to countermand.  Verbal or outside written agreements, not stip-

ulated in this order made with any of our travelers are not binding on us."

The defendant pleaded in effect a failure of consideration in that the goods delivered were not as represented by the traveling agent, but were inferior, trashy and worthless, but when received appeared to be as represented, whereupon they executed the promissory notes as provided; that defendants "afterwards" discovered they were not as represented, but were inferior, trashy and worthless, and notified the plaintiff they were held subject to his order and claim as damage the forty dollars theretofore paid.

There were also filed pleas on equitable grounds, setting up substantially the same matters with some general averments of fraud, which were stricken.

The pleas are not altogether clear but we gather from them these facts: This assortment of cheap jewelry was in the possession of the buyers before they executed the notes freely subject to inspection; it is not made to appear when the alleged discovery was made that the jewelry was inferior, trashy and worthless, except that it was not made for two months thereafter when the first note was paid; but it may inferentially appear to have been ascertained between the payment of the first note and the falling due of the second note, two months thereafter. The contract put the purchasers on notice that the goods could not be returned for credit, but only for exchange, and it was their duty to examine them when received, unless misled by the acts of the seller, of which nothing appears, or at least to make it affirmatively to appear that they acted promptly to detect and to repudiate the misrepresentation.

Whatever rights, in the face of this contract, the purchasers may have had to repudiate the sale after the re-

ception of the goods, have been lost by their own laches. There was no warranty that the goods would supply a specific want, nor do the pleas make out a case of a latent defect that could not be disclosed by the slightest diligence.

This conclusion renders it unnecessary to discuss various mooted questions of the rights of a purchaser to offset, as against the contract price, the actual inferiority of the goods purchased to those described in the contract.

The equitable pleas set up nothing to avoid the contract and nothing which would not be available, if available at all, in a legal defense.

The judgment is affirmed.

SHACKLEFORD, C. J., and WHITFIELD, J., concur;

TAYLOR and HOCKER, JJ., concur in the opinion;

PARKHILL, J., disqualified.